UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NAECIS OUTREACH,** *et al.*

      **Plaintiffs,**

   v.                                               Case No. 2:14-cv-161
                                                                 JUDGE SMITH
                                                                 Magistrate Judge Deavers

**TOM VILSAK, SECRETARY, U.S.
DEPARTMENT OF AGRICULTURE,** *et al.*,

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss of Defendant Ohio Department of Education ("ODE") (Doc. 24).  Plaintiffs NAECIS Outreach, Mustapha Mohamed, John Boateng, Rashida Mustapha, and James Anti filed a Memorandum Contra (Doc. 25) to which ODE has replied (Doc. 26).  For the reasons that follow, ODE's Motion to Dismiss is **GRANTED**.

                    I.        **BACKGROUND**

Plaintiff NAECIS Outreach is a non-profit organization operating in central Ohio.[1]  This case centers on ODE's alleged wrongful termination of NAECIS from the Summer Food Service Program, a program federally funded by the U.S. Department of Agriculture ("USDA") and administered by ODE through its Office of Child Nutrition.  In their Amended Complaint, Plaintiffs (1) seek to appeal ODE's termination pursuant to 5 U.S.C. § 702; (2) assert that various unidentified individuals, employed by ODE and the USDA, violated their constitutional due

---

[1] The other named plaintiffs are individuals associated with the administration of NAECIS Outreach.

process rights; and (3) request the Court to enjoin ODE and USDA from enforcing their termination decision.

ODE filed the Motion to Dismiss now before the Court, arguing that all of the claims asserted against it should be dismissed. ODE first argues that Plaintiffs cannot sustain their claim under 5 U.S.C. § 702 (the federal Administrative Procedure Act), as the Act does not apply to state agencies. Second, ODE asserts that the Eleventh Amendment grants them immunity from Plaintiffs' due process claims.

## II. STANDARD OF REVIEW

ODE moves to dismiss Plaintiffs' claims pursuant to Rule 12(b)(1) and 12(b)(6) of Federal Rules of Civil Procedure.

Rule 12(b)(6) is an avenue by which defendants can challenge, as a matter of law, whether a plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In considering a Rule 12(b)(6) motion to dismiss, the Court must construe the Complaint in a light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

Dismissal pursuant to Rule 12(b)(1) may be warranted if a party brings a claim in federal court that does not satisfy statutory or constitutional jurisdictional requirements. Where, as here, the jurisdictional dispute is a "facial attack" on the pleadings, i.e. the determination of jurisdiction does not entail the resolution of disputed facts, the Court must consider all allegations in the Complaint as true, "which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Ultimately, though, Plaintiffs shoulder the burden of proving jurisdiction in order to survive the motion. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

It is with these standards in mind that the Court proceeds.

### III.  DISCUSSION

ODE asks the Court to dismiss all of Plaintiffs' claims. As to Plaintiffs' claim under the Administrative Procedure Act, ODE asserts that Plaintiffs have failed to state a claim upon which relief can be granted, requiring dismissal pursuant to Rule 12(b)(6). Regarding Plaintiffs' constitutional due process claim, ODE asserts that the Court lacks jurisdiction to consider this claim pursuant to Rule 12(b)(1). The Court will address each of these arguments in turn.

**A.     Plaintiffs' Administrative Procedure Act Claim**

ODE argues Plaintiffs' APA claim should be dismissed because the Act does not apply to state agencies. Plaintiffs contend that ODE is subject to the APA because it was acting as an agent of the USDA (a federal agency) in administering the Summer Food Service Program.

Generally, the Administrative Procedure Act provides individuals who have suffered a legal wrong "because of agency action" the right to obtain judicial review of the complained-of decision. *See* 5 U.S.C. § 702. Important to the case at hand, Section 701 defines agency as "each authority of the Government of the United States." Thus, "[b]y its own terms, the APA

3

does not apply to state agencies." *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035-36 (6th Cir. 1999); *US Tech. Corp. v. Johnson*, No. 2:08-CV-82, 2009 WL 86745, at *9 (S.D. Ohio Jan. 13, 2009) (Sargus, J.), *aff'd*, 361 F. App'x 629 (6th Cir. 2010).

It is uncontested that ODE is a state agency. Plaintiffs argue that the APA nonetheless applies because ODE "functioned as an agent" of the USDA, a federal agency. The Court finds Plaintiffs' arguments unavailing. The relevant statute and case law cited above make clear that the APA applies only to federal agencies, which ODE undisputedly is not. Further, Plaintiffs did not provide any case law or other authority to support its "agent-agency" argument. Plaintiffs essentially ask this Court to ignore the plain language of the statute and significantly expand the Act's jurisdiction to encompass any state agency acting in concert with the federal government. The Court declines to take such a far-reaching position without any authority to support it.[2]

For this reason, ODE's Motion to Dismiss as it pertains to Plaintiffs' Administrative Procedure Act claim is well-taken.

**B.      Plaintiffs' 42 U.S.C. § 1983 Claim**

Count Three of Plaintiffs' Complaint alleges that unidentified employees of ODE violated Plaintiffs' constitutional due process rights in violation of 42 U.S.C. § 1983. Count Three does not assert claims against ODE as a whole.

ODE argues that the doctrine of sovereign immunity bars this Court from considering Plaintiffs' § 1983 claim asserted against ODE and its employees. Plaintiffs apparently misinterpreted ODE's motion, and spent the majority of their memorandum contra arguing that

---

[2] Although Plaintiffs argue that this holding will preclude them from obtaining relief from ODE's determination that NAECIS must repay the Summer Food Service Program over $40,000, this is not necessarily true. Federal regulations make clear that the ultimate authority to determine or adjust any claim arising under the Program lies with the Secretary of the USDA. *See* 7 C.F.R. § 225.18 ("The Secretary shall have the authority to determine the amount of, to settle, and to adjust any claim arising under the Program, and to compromise or deny such claim or any part thereof.").

4

the unidentified ODE employees are not entitled to qualified immunity—a wholly separate issue. However, ODE has moved for dismissal solely on sovereign immunity grounds; thus, the Court will focus its analysis accordingly.

The doctrine of sovereign immunity essentially acts as "a limitation of federal judicial power, that is, on the constitutional grant of jurisdiction to the federal courts." *Jordon v. Gilligan*, 500 F.2d 701, 706 (6th Cir. 1974). More specifically, the Eleventh Amendment prohibits a private citizen from bringing claims against a state in federal court.[3] *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005); *Campbell v. Miller*, 835 F. Supp. 2d 458, 466 (S.D. Ohio 2011) ("[T]he Amendment is a bar to federal court jurisdiction whenever any private citizen attempts to sue a state."). Importantly, Eleventh Amendment immunity extends not only to the state itself, but also to its agencies. *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985) (Rice, J.) ("The Eleventh Amendment applies to state agencies as well as to the state.").

The Court finds the Eleventh Amendment bars Plaintiffs' § 1983 claims against ODE. The parties do not contest that ODE is an agency, or arm, of the State of Ohio. *See* Ohio Rev. Code § 3301.01. The parties also do not contest that Eleventh Amendment immunity applies to § 1983 claims. *See Moss v. Columbus Bd. of Educ.*, No. 2:00-CV-855, 2001 WL 1681117, at *8 (S.D. Ohio Sept. 27, 2001) (Sargus, J.). Accordingly, Plaintiffs' suit—a federal action alleged against an agency of the state—is exactly the type of case sovereign immunity precludes. *See id.*, 2001 WL 1681117, at *8 (dismissing plaintiffs' § 1983 claims against ODE on sovereign immunity grounds).

Therefore, to the extent Plaintiffs seek to hold ODE, as a state agency, liable under 42 U.S.C. § 1983, the Court finds ODE's motion well-taken. The Court does not, however, grant ODE's motion as it relates to John/Jane Does 6-10. These individuals did not join in ODE's

---

[3] While there are exceptions to this general rule, Plaintiffs have not argued that any apply here.

Motion to Dismiss, nor, to the best of the Court's knowledge, are these individuals represented by counsel for ODE. In fact, ODE makes clear that its motion should not be construed to waive defects in service or any other defenses that these individuals may have. (*See* Doc. 24, Mot. Dismiss, at 4). For these reasons, ODE's motion insofar as it requests dismissal by proxy is denied.

**C.     Plaintiffs' Request for Injunction**

ODE contends that the fourth claim set forth in Plaintiffs' Amended Complaint is not a stand-alone cause of action, but rather a request for a specific kind of relief. Plaintiffs do not dispute ODE's characterization in their Memorandum Contra.

Plaintiffs' fourth "cause of action" alleges that Plaintiffs would suffer irreparable harm unless the Court enjoins ODE and the USDA from enforcing Plaintiffs' termination from the Summer Food Service Program. (*See* Doc. 21, Am. Compl. at ¶¶ 28-30). In essence, Plaintiffs ask the Court to issue an injunction. However, this claim is not an independent cause of action, but rather a request for relief that is wholly dependent on the merits of Plaintiffs' other claims. *See Saha v. Ohio State Univ.*, No. 05-CV-675, 2005 WL 2806318, at *3 (S.D. Ohio Oct. 26, 2005) (Frost, J.). Because the Court has dismissed all of Plaintiffs' substantive claims against ODE, which formed the basis of Plaintiffs' remedy request, the Court finds dismissal of Plaintiffs' request for injunctive relief is also warranted.

## IV.     CONCLUSION

The Court is not unsympathetic to Plaintiffs' arguments; but their claims, as pled, have no basis in the law. Consequently, the Ohio Department of Education's Motion to Dismiss is **GRANTED**.

The Clerk shall remove Document 24 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                               */s/ George C. Smith*
                                               **GEORGE C. SMITH, JUDGE**
                                               **UNITED STATES DISTRICT COURT**